the property taken from the alleged burglarized residence, the pawn ticket given him showing that he gave his residence as 109½ Fifteenth and Frago streets, in Fort Worth.

Reverting to the question of the admissibility of the sheriff's testimony, it would appear sound to say that the effect of testimony that appellant's shoe fitted a track in front of a window in the burglarized house, which was raised by some one from the outside on the night in question, would unquestionably have evidential weight as supporting the proposition that appellant made the track, and that he was in Wichita Falls at the time the track was made. The fact, in evidence, that tracks in the soft dirt by said window were covered with a board the morning after said burglary, and that, when the sheriff subsequently went to said place with appellant's shoe, he removed a board from certain tracks into which he fitted appellant's shoe, would lend further weight to the proposition of the admissibility of the testimony.

Being of opinion that no error is shown, and that the testimony supports the judgment, same will be affirmed.

#### On Motion for Rehearing.

HAWKINS, J. .

A consideration of appellant's motion and the authorities referred to therein has not changed our conclusion that the proper disposition was made of the case in our original opinion.

The motion for rehearing is overruled.

## VASQUEZ v. STATE.
### No. 14233.

Court of Criminal Appeals of Texas.
March 11, 1931.

Wright Stubbs, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, confinement in the penitentiary for life.

The record is here without statement of facts or bills of exception. There being nothing before us for our consideration, and no error appearing, the judgment will be affirmed.